IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAURENCE PALMER,

        Plaintiff,                 No. 2:11-cv-2927 KJN P

    vs.

WARDEN IVES, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a federal prisoner proceeding without counsel, and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.[1] On December 1, 2011, plaintiff's original complaint was screened, and the court found plaintiff stated a cognizable civil rights claim against defendant O'Connor as to plaintiff's allegation that he was sexually abused and harassed by defendant O'Connor. (Dkt. No. 5 at 5.) The court found that plaintiff failed to set forth adequate charging allegations as to the remaining 26 defendants. Plaintiff was granted the option

---

[1] Actions under § 1983 and those under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (same); see also Correctional Serv. Corp. v. Malesko, 534 U.S. 61, 66 (2001) (implied right of action for damages against federal officers alleged to have violated citizen's constitutional rights). When reviewing a Bivens action for which there is no case on point, § 1983 cases are applied by analogy. See, e.g., Butz v. Economou, 438 U.S. 478, 504 (1978) (no distinctions for purposes of immunity between state officials sued under § 1983 and federal officials sued under Bivens).

to immediately proceed as to defendant O'Connor, or to delay service of process on defendant Connor by submitting an amended complaint that rectified the deficiencies addressed in this court's December 1, 2011 order.

On January 3, 2012, plaintiff submitted a document entitled "Motion to Leave to Amend." (Dkt. No. 7.) Plaintiff failed to provide a proposed amended complaint. Rather, plaintiff recites a variety of purported constitutional violations, including, *inter alia*, access to the courts, retaliation, deliberate indifference to plaintiff's medical needs, discrimination, and interference with plaintiff's ability to attend college, over what appears to be some period of time, without reference to specific dates or to defendant O'Connor.

In addition to plaintiff's specific claim against defendant O'Connor, the gravamen of plaintiff's original complaint, liberally construed, is that other named defendants failed to protect plaintiff, or retaliated against plaintiff for his complaints against defendant O'Connor. In plaintiff's recent filing, he fails to connect any of the new alleged constitutional violations to the alleged actions of defendant O'Connor. In addition, there is no indication that plaintiff first exhausted his administrative remedies as to each of the newly-alleged claims.

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Unrelated claims against different defendants must be pursued in multiple lawsuits.

The controlling principle appears in Fed. R. Civ. P. 18(a):

> "A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

2

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

Accordingly, plaintiff's motion to amend is partially granted. Plaintiff is granted leave to amend to re-plead his allegations as to defendant O'Connor, and to include any claims as to other defendants who allegedly failed to protect plaintiff or retaliated against plaintiff for his complaints against defendant O'Connor. In all other respects, plaintiff's motion to amend is denied. Plaintiff must raise any other, unrelated, allegations in a new civil rights complaint.

Moreover, in any amended complaint, plaintiff must set forth specific facts demonstrating how each named defendant violated plaintiff's constitutional rights. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The amended complaint must also comply with the requirements set forth in the December 1, 2011 order. (Dkt. No. 5.)

Plaintiff is reminded that he must have exhausted his administrative remedies as to each claim alleged prior to filing the instant action. Porter v. Nussle, 534 U.S. 516, 524 (2002) (federal prisoners suing under Bivens must first exhaust inmate grievance procedures; administrative exhaustion is a prerequisite even if administrative remedies are not plain, speedy, and effective, and relief inmate seeks is not available).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's January 3, 2012 motion to amend is partially granted, as set forth above;

2. Plaintiff's November 4, 2011 complaint is dismissed;

////

1           3. Within thirty days from the date of this order, plaintiff shall complete the
2  attached Notice of Amendment and submit the following documents to the court:
3               a. The completed Notice of Amendment; and
4               b. An original and one copy of the Amended Complaint.
5  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
6  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
7  also bear the docket number assigned to this case and must be labeled "Amended Complaint."
8  Failure to file an amended complaint in accordance with this order, or the December 1, 2011
9  order, may result in the dismissal of this action.
10 DATED: January 6, 2012

                                            _____
                                            KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

/palm2927.mta

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAURENCE PALMER,

        Plaintiff,                      No. 2:11-cv-2927 KJN P

    vs.

WARDEN IVES, et al.,                NOTICE OF AMENDMENT

        Defendants.

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Amended Complaint

DATED:

                                            _____
                                            Plaintiff