1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAURENCE PALMER,

11            Plaintiff,                    No. 2:11-cv-2927 KJN P

12       vs.

13   WARDEN IVES, et al.,

14            Defendants.                   <u>ORDER</u>

15   _____/

16            Plaintiff is a federal prisoner proceeding without counsel, and in forma pauperis.

17   Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.[1]  On December 1, 2011, the court found

18   plaintiff's original complaint stated a potentially cognizable civil rights claim against defendant

19   O'Connor as to plaintiff's allegation that he was sexually abused and harassed by defendant

20   O'Connor.  (Dkt. No. 5 at 5.)  The court found that plaintiff failed to set forth adequate charging

21   allegations as to the remaining 26 defendants.  Plaintiff was granted the option to immediately

22

23            [1] Actions under § 1983 and those under <u>Bivens v. Six Unknown Named Agents</u>, 403
     U.S. 388 (1971), are identical save for the replacement of a state actor under § 1983 by a federal
     actor under <u>Bivens</u>.  <u>See</u> <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991) (same); <u>see also</u>
24   <u>Correctional Serv. Corp. v. Malesko</u>, 534 U.S. 61, 66 (2001) (implied right of action for damages
     against federal officers alleged to have violated citizen's constitutional rights).  When reviewing
25   a <u>Bivens</u> action for which there is no case on point, § 1983 cases are applied by analogy.  <u>See</u>,
     e.g., <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978) (no distinctions for purposes of immunity
26   between state officials sued under § 1983 and federal officials sued under <u>Bivens</u>).

                                             1

proceed as to defendant O'Connor, or to delay service of process on defendant O'Connor by submitting an amended complaint that rectified the deficiencies addressed in this court's December 1, 2011 order.

On January 3, 2012, plaintiff submitted a document entitled "Motion to Leave to Amend." (Dkt. No. 7.)  Plaintiff failed to provide a proposed amended complaint.  Rather, plaintiff recited a variety of purported constitutional violations, including, *inter alia*, access to the courts, retaliation, deliberate indifference to plaintiff's medical needs, discrimination, and interference with plaintiff's ability to attend college, over what appears to be some period of time, without reference to specific dates or to defendant O'Connor.

In addition to plaintiff's specific claim against defendant O'Connor, the gravamen of plaintiff's original complaint, liberally construed, is that other named defendants failed to protect plaintiff, or retaliated against plaintiff for his complaints against defendant O'Connor.  In plaintiff's January 3, 2012 filing, he failed to connect any of the new alleged constitutional violations to the alleged actions of defendant O'Connor.

On January 9, 2012, plaintiff was granted leave to file an amended complaint that set forth his allegations as to defendant O'Connor, as well as name other defendants, so long as plaintiff's allegations as to the other named defendants related to plaintiff's claim against defendant O'Connor.  Plaintiff was advised that unrelated claims against different defendants must be pursued in another lawsuit.

On February 13, 2012, plaintiff filed the notice of amendment form, but failed to provide an amended complaint.  Plaintiff included a letter in which he stated he would "like to submit these documents to support [his] facts." (Dkt. No. 10 at 2.)  Plaintiff stated he misunderstood the court's order, and asked the court to allow him to proceed with his complaint against defendant O'Connor as well as the remaining defendants.  Plaintiff stated that the charging allegations were set forth in his January 3, 2012 motion for leave to amend.  (Dkt. No. 10 at 4.)  Plaintiff asked the court to "add dkt. no. 1 at 4 and dkt. no. 7 as evidence to support the

1    facts alleged." (Id. at 4.)  Plaintiff then appended 67 pages of documents, none of which include

2    an amended complaint.

3                      As plaintiff was previously informed, his January 3, 2012 motion again sets forth

4    allegations that do not pertain to plaintiff's claim of sexual harassment against defendant

5    O'Connor.  (Dkt. 7 at 3.)  Rather, plaintiff alleged certain defendants retaliated against him based

6    on plaintiff filing administrative grievances, and also challenged certain prison disciplinary

7    proceedings.[2]  Also, plaintiff renewed his claims against some defendants based on their role in

8    the prisoner appeal process.  However, as plaintiff was previously informed, prisoners have no

9    stand-alone due process rights related to the administrative grievance process.  See Mann v.

10   Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th

11   Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance

12   process).  Because there is no right to any particular grievance process, plaintiff cannot state a

13   cognizable civil rights claim for a violation of his due process rights based on allegations that

14   prison officials ignored or failed to properly process grievances.  See, e.g., Wright v. Shannon,

15   2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's allegations that prison officials denied

16   or ignored his inmate appeals failed to state a cognizable claim under the First Amendment).

17                     Moreover, plaintiff appeared to challenge his transfer to a different prison.

18   However, inmates do not have a constitutional right to be housed at a particular facility or

19   institution or to be transferred, or not transferred, from one facility or institution to another.

20   Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25

21   (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

22                     In addition, plaintiff contended he was wrongly deprived of college credit.

23   However, inmates have no constitutional right to vocational programs.  See Rhodes v. Chapman,

24   _____

25       [2]  At one point, plaintiff states he "had no problems with staff until [he] became the law
     clerk and began using and helping others use the administrative remedy appeal process."  (Dkt.
26   No. 7 at 6.)  This allegation appears unrelated to plaintiff's allegations as to defendant O'Connor.

452 U.S. 337, 348 (1981); Walker v. Gomez, 370 F.3d 969, 973 (9th Cir. 2004) ("[T]he Due

Process Clause of the Fourteenth Amendment does not create a property or liberty interest in

prison employment."); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (no liberty or

properly interest in vocational training); Baumann v. Arizona Dep't of Corr., 754 F.2d 841, 846

(9th Cir. 1985) (no constitutional right to jobs and educational opportunities).  Prisoners do not

have a liberty interest in education or rehabilitation under the Due Process Clause.  Rizzo, 778

F.2d at 530.

Plaintiff also alleged, in conclusory fashion, deliberate indifference to his serious

medical needs.  In order to state a claim for relief under the Eighth Amendment for inadequate

prison medical care, plaintiff must allege "deliberate indifference to serious medical needs."  Jett

v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 104

(1976).  A medical need is serious if "the failure to treat a prisoner's condition could result in

further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin v.

Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104), overruled on other

grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Deliberate

indifference is proved by evidence that a prison official "knows of and disregards an excessive

risk to inmate health or safety; the official must both be aware of the facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Also, negligence or medical

malpractice in diagnosing or treating a condition is not a constitutional violation.  Estelle, 429

U.S. at 106; Hallett v. Morgan, 296 F.3d 732, 744 (2002).  Moreover,  a mere difference of

opinion between a prisoner and prison medical staff as to appropriate medical care does not give

rise to a § 1983 claim.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Good cause appearing, plaintiff will be granted leave to file an amended

complaint that complies with this order, and the December 1, 2011 and January 9, 2012 orders.

Plaintiff is cautioned that "[t]hreadbare recitals of the elements of a cause of action, supported by

4

1   mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

2   Furthermore, a claim upon which the court can grant relief must have facial plausibility.

3   Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

4   content that allows the court to draw the reasonable inference that the defendant is liable for the

5   misconduct alleged." Iqbal, 129 S. Ct. at 1949.  Plaintiff may not patch together an amended

6   complaint by referencing prior filings.  Plaintiff must file his amended complaint on the

7   complaint form provided by the court, specifically set forth the names of the defendants, and set

8   forth charging allegations as to each named defendant.  Neither the court nor defendants are

9   required to search through attached documents in an effort to discern plaintiff's claims.  In the

10  amended complaint, plaintiff shall include his original claim against defendant O'Connor, but

11  shall only name other defendants whom plaintiff claims failed to protect plaintiff from defendant

12  O'Connor, or retaliated against plaintiff for his complaints against defendant O'Connor.  Plaintiff

13  shall not include any unrelated claims; such unrelated claims must be raised in a new civil rights

14  action.

15          Moreover, in any amended complaint, plaintiff must set forth specific facts

16  demonstrating how each named defendant violated plaintiff's constitutional rights.  Plaintiff must

17  identify as a defendant only persons who personally participated in a substantial way in depriving

18  plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a

19  person subjects another to the deprivation of a constitutional right if he does an act, participates

20  in another's act or omits to perform an act he is legally required to do that causes the alleged

21  deprivation).

22          Finally, plaintiff is informed that the court is not a repository for plaintiff's

23  evidence.  Plaintiff shall not file any further documentary evidence in support of his claims

24  unless it is in connection with a dispositive motion or for trial.

25  ////

26  ////

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Within thirty days from the date of this order, plaintiff shall complete the

3    attached Notice of Amendment and submit the following documents to the court:

4    a.  The completed Notice of Amendment; and

5    b.  An original and one copy of the Amended Complaint.

6    Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

7    Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

8    also bear the docket number assigned to this case and must be labeled "Amended Complaint."

9    Failure to file an amended complaint in accordance with this order, or the December 1, 2011 or

10   January 9, 2012 orders, may result in the dismissal of this action.

11   2.  The Clerk of the Court is directed to send plaintiff the form for filing a civil

12   rights complaint pursuant to 42 U.S.C. § 1983.

13   DATED:  February 24, 2012

14

15                                                   _____

16                                                   KENDALL J. NEWMAN
                                                     UNITED STATES MAGISTRATE JUDGE

17   /palm2927.mta2

18

19

20

21

22

23

24

25

26

6

1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAURENCE PALMER,

11            Plaintiff,                          No. 2:11-cv-2927 KJN P

12       vs.

13   WARDEN IVES, et al.,                         <u>NOTICE OF FILING</u>

14            Defendants.

15   _____/

16            Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18            _____        Amended Complaint

19   DATED:

20

21                                   _____

22                                   Plaintiff

23

24

25

26