IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAURENCE PALMER,

    Plaintiff,                    No. 2:11-cv-2927 KJN P

    vs.

WARDEN IVES, et al.,

    Defendants.              <u>ORDER</u>

                                /

        Plaintiff is a federal prisoner, proceeding without counsel and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.[1]  Plaintiff consented to proceed before the undersigned for all purposes.  <u>See</u> 28 U.S.C. § 636(c).  On March 29, 2012, pursuant to court order, plaintiff filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

---

[1] Actions under § 1983 and those under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), are identical save for the replacement of a state actor under § 1983 by a federal actor under <u>Bivens</u>.  <u>See</u> <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991) (same); <u>see</u> <u>also</u> <u>Correctional Serv. Corp. v. Malesko</u>, 534 U.S. 61, 66 (2001) (implied right of action for damages against federal officers alleged to have violated citizen's constitutional rights).  When reviewing a <u>Bivens</u> action for which there is no case on point, § 1983 cases are applied by analogy.  <u>See, e.g.</u>, <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978) (no distinctions for purposes of immunity between state officials sued under § 1983 and federal officials sued under <u>Bivens</u>).

1

1  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

2  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

3  granted, or that seek monetary relief from a defendant who is immune from such relief.

4  28 U.S.C. § 1915A(b)(1),(2).

5           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

7  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

8  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

9  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

10  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

11  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

12  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

13  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

14  1227.

15           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

16  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

17  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

18  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

19  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

20  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

21  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

22  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

23  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

24  U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555) (citations and internal quotations marks

25  omitted).  In reviewing a complaint under this standard, the court must accept as true the

26  allegations of the complaint in question, id., and construe the pleading in the light most

favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In the amended complaint, plaintiff re-alleges that he was "touched inappropriately in a sexual manner," and "sexually abused and harassed" by defendant O'Connor.  These claims are sufficient to state a potentially cognizable civil rights claim against defendant O'Connor.

Plaintiff also states that defendants DeBruler, Henson, and Bowles "then proceeded to retaliate by violating" plaintiff's First, Eighth, Thirteenth, and Fourteenth Amendment rights.  (Dkt. No. 12 at 3.)  Plaintiff claims that after he filed complaints against defendant O'Connor, the staff "began joking about being sexually harassed . . . and the harassment and retaliation began right after."  (Dkt. No. 12 at 5.)  Plaintiff alleges that he was thrown in the segregated housing unit ("SHU") "on several occasions for asking simple questions in a nonthreatening respectful manner."  (Id.)  Plaintiff claims the first two incident reports were written by Officer J. Plasoln who is a friend and coworker of defendant O'Connor.  Plaintiff alleges he was "forced to pull weeds and [perform] other duties" and threatened to be housed in the SHU if he failed to do the work, in violation of the Thirteenth Amendment.  Plaintiff claims he was removed from his food service job after he complained about defendant O'Connor.  While not entirely clear, it appears plaintiff claims that defendants Henson, Bowles, DeBruler, Ives, and Babcock allegedly put plaintiff in the SHU because plaintiff asked about prison overcrowding.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend

§ 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff's claims under the Thirteenth Amendment are unavailing. Although the Constitution includes, in the Thirteenth Amendment, a general prohibition against involuntary servitude, it expressly excepts from that general prohibition forced labor "as a punishment for crime whereof the party shall have been duly convicted." U.S. Const. amend. XIII, § 1; see Piatt v. MacDougall, 773 F.2d 1032, 1035 (9th Cir. 1985) ("The Thirteenth Amendment does not prohibit involuntary servitude as part of imprisonment for a crime.").

Plaintiff's claims of retaliation are vague and conclusory. In order to state a claim under 42 U.S.C. § 1983 for retaliation, plaintiff must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate

penological purpose, such as preserving institutional security. Rizzo v. Dawson, 778 F.2d 527 (9th Cir. 1985). Plaintiff must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807-08 (9th Cir. 1995) (there must be probative evidence to establish a crucial link in the logical chain required to support retaliation; timing alone is insufficient). Plaintiff is required to show that the exercise of his First Amendment rights was chilled, although not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000) (plaintiff promptly contested the charge against him and won); see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Id., 408 F.3d at 567-68.

Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000). Both litigating in court and filing inmate grievances are protected activities, and it is impermissible for prison officials to retaliate against inmates for engaging in these activities. However, without a finding of guilt and the issuance of some punishment, plaintiff has not suffered an adverse act. See Hudson v. Brian, 2009 WL 2151177, *1 (E.D. Cal. July 17, 2009) (rules violation accompanied by a punishment held to be an adverse act). Retaliatory issuance of a false rules violation constitutes adverse action. Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt), cert. denied sub nom. Pearson v. Hines, 524 U.S. 936 (1998).

Therefore, plaintiff's allegations as to the remaining defendants are so vague and conclusory that the court cannot determine whether the claims are frivolous or fail to state a

claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), plaintiff's claims against these remaining defendants must be dismissed.  As previously advised, the amended complaint must contain the factual allegations that plaintiff contends demonstrate that a named defendant violated plaintiff's constitutional rights.  Rather, plaintiff must set forth a short and plain statement of the factual allegations supporting his claim against each defendant.  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

After review of plaintiff's amended complaint and, for the limited purposes of § 1915A screening, the court finds that it states a potentially cognizable claim against defendant O'Connor as to plaintiff's allegation that he was sexually abused and harassed by defendant O'Connor.  See 28 U.S.C. § 1915A.  For the reasons stated above, the court finds that the

amended complaint does not state a cognizable claim against the remaining defendants. The claims against the remaining defendants are hereby dismissed with leave to file a second amended complaint.

Plaintiff may proceed forthwith to serve defendant O'Connor and pursue his claims against only that defendant or he may delay serving defendant O'Connor and attempt to state a cognizable claim against the remaining defendants. If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the remaining defendants, he has thirty days in which to file such an amended complaint. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendant O'Connor, against whom he has stated a potentially cognizable claim for relief, then within thirty days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against the remaining defendants without prejudice.

Plaintiff is advised that in a second amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The charging allegations must be set forth in the second amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any second amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. <u>Johnson</u>, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In a second amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

Any second amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Finally, plaintiff is cautioned that if he chooses to file a second amended complaint raising additional constitutional violations, plaintiff must have exhausted his administrative remedies as to each claim alleged prior to filing the instant action. Exhaustion in prisoner cases covered by 42 U.S.C. § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002) (federal prisoners suing under Bivens must first exhaust inmate grievance procedures; administrative exhaustion is a prerequisite even if administrative remedies are not plain, speedy, and effective, and relief inmate seeks is not available). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

The Bureau of Prisons has established an administrative remedy process through which an inmate seeks review of any complaint regarding any aspect of prison confinement. See C.F.R. §§ 542.10 through 542.19. The Administrative Remedy Program entails three steps. 28 C.F.R. §§ 542 et seq. The grievance must be presented to institutional staff through BP-9 form. 28 C.F.R. § 542.14(a). Then, the grievance is appealed to the Regional Director through a BP-10 form. 28 C.F.R. § 542.15(a). Finally, the grievance is appealed to the General Counsel in the BOP's Central Office. 28 C.F.R. § 542.15(a). Exhaustion only occurs if all three steps are completed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Claims against all of the defendants except defendant O'Connor are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may file a second amended complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

2. The allegations in the pleading are sufficient to state a potentially cognizable claim against defendant O'Connor. See 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed March 29, 2012, one USM-285 form and instructions for service of process on defendant O'Connor. Within thirty days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and one copy of the March 29, 2012 amended complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendant O'Connor will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). If plaintiff proceeds with requesting service on defendant O'Connor, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against the remaining defendants without prejudice.

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: April 23, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

palm2927.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAURENCE PALMER,

    Plaintiff,                    No. 2:11-cv-2927 KJN P

    vs.

WARDEN IVES, et al.,             NOTICE OF ELECTION

    Defendants.

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____, for service on defendant O'Connor:

    _____ completed summons form
    _____ completed form USM-285
    _____ copies of the _____
                    Amended Complaint

    _____ Plaintiff consents to the dismissal of the remaining defendants and claims without prejudice.

OR

    _____ Plaintiff opts to file a second amended complaint and delay service of process.

Dated:

_____
                Plaintiff