IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAURENCE PALMER,

        Plaintiff,                      No. 2:11-cv-2927 KJN P

    vs.

M. O'CONNOR,

        Defendant.                  ORDER

                                /

        Plaintiff is a federal prisoner, proceeding without counsel and in forma pauperis. Plaintiff seeks relief under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).[1] Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

        On January 14, 2013, defendant filed a motion to dismiss the first amended complaint. On February 28, 2013, plaintiff was granted an additional twenty-one days in which to oppose the motion. On March 1, 2013, plaintiff filed a motion to recuse counsel for defendant, and a document styled, "Notice of Appeal," in which plaintiff asks the court to accept

---

[1] Actions under 42 U.S.C. § 1983 and those under Bivens, are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (same); see also Correctional Serv. Corp. v. Malesko, 534 U.S. 61, 66 (2001) (implied right of action for damages against federal officers alleged to have violated citizen's constitutional rights).

1

the prior complaints to include all named defendants, including the Bureau of Prisons. (Dkt. No. 31.) The court addresses these filings in reverse order below.

1. Request for Reconsideration

The court construes plaintiff's "notice of appeal" as a request for reconsideration of the court's May 25, 2012 order dismissing all defendants and claims, except for plaintiff's claim against defendant O'Connor alleging sexual misconduct. Local Rule 303(b) provides that rulings by magistrate judges are "final if no reconsideration thereof is sought from the Court within fourteen (14) days calculated from the date of service of the ruling on the parties." Id. Plaintiff's request was filed over nine months after the May 25, 2012 order, and therefore is untimely. Thus, plaintiff's March 1, 2013 motion is denied.

2. Motion to Recuse the Assistant U.S. Attorney

Plaintiff seeks to disqualify the assigned U.S. Attorney, as well as the entire U.S. Attorney's Office based on an alleged conflict of interest. Plaintiff alleges the following:

a. He wrote a letter to the U.S. Attorneys inquiring about a criminal complaint to which he never received a response;

b. His complaint is against the Department of Justice and the Bureau of Prisons;

c. In his experience, the U.S. Attorney's Office relies on hearsay, and plaintiff will only present facts; and

d. The Assistant U.S. Attorney is a prosecutor who represents the government, not individuals.

(Dkt. No. 30 at 2.)

Disqualifying the U.S. Attorney's Office is "a drastic measure and a court should hesitate to impose it except where necessary." United States v. Bolden, 353 F.3d 870, 878 (10th Cir. 2003). Disqualifying an entire U.S. Attorney's Office implicates separation of powers issues. Bolden, 353 F.3d at 876, citing Flanagan v. United States, 465 U.S. 259, 268-69 (1984) (recognizing that disqualification of an entire U.S. Attorney's Office is almost always reversible

error).  Bolden, at 876.

Here, the record is devoid of any facts showing that a member of the U.S. Attorney's office has any interest in the outcome of this case, or that the assigned U.S. Attorney has a conflict of interest.  First, the fact that plaintiff wrote a letter to the U.S. Attorney about a criminal matter has no bearing or relevance to the instant civil action.  Second, as explained above, this action is proceeding as to defendant O'Connor alone.  Third, plaintiff's opinions as to the U.S. Attorney's Office are not relevant.  Finally, as declared by counsel for defendant, the assigned U.S. Attorney is not a prosecutor, and defendant is not a criminal defendant.  This is a civil action against defendant O'Connor in his individual capacity.  Plaintiff alleges no facts suggesting a conflict of interest exists.  Thus, plaintiff's motion is denied.

### 3. Motion to Dismiss

Defendant moves to dismiss plaintiff's amended complaint on three grounds: (a) failure to plead sufficient facts to raise a plausible claim against defendant O'Connor; (b) even if the facts were presumed true, the allegations are insufficient to state a cognizable Bivens claim; and (c) defendant is entitled to qualified immunity.  The deadline for filing an opposition has passed, and plaintiff has not filed an opposition, despite being granted an extension of time in which to do so.

#### a. Legal Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

3

1  of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other
2  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
3  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
4  claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at
5  570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
6  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
7  Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint
8  for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard
9  Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

10       A motion to dismiss for failure to state a claim should not be granted unless it
11  appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which
12  would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In general, pro
13  se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner,
14  404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.
15  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's
16  liberal interpretation of a pro se complaint may not supply essential elements of the claim that
17  were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

18       b. Plaintiff's Allegations

19       In the verified first amended complaint, plaintiff alleges that defendant O'Connor
20  sexually abused and harassed plaintiff from October 2009 until 2011.  (Dkt. No. 12 at 3.)
21  Plaintiff claims he "was touched inappropriately in a sexual manner" by defendant, and was then
22  subjected to vulgar and sexual remarks on several occasions after plaintiff rejected his sexual
23  advances.  (Id. at 4.)  However, in his motion to recuse, plaintiff stated that he was "slapped" on
24  his buttocks and made the recipient of rude and vulgar comments by staff and inmates.  (Dkt. No.
25  30 at 2.)  Plaintiff states that the slapping of the buttocks was done in the private area of the
26  kitchen, out of the presence of inmates or staff.  Plaintiff claims the rude and vulgar comments

were made in front of staff and inmates.  (Id.)  Plaintiff alleges that defendant O'Connor referred to plaintiff as "Pretty Palmer."  (Id.)  Plaintiff's claims in his motion to recuse were not signed under penalty of perjury.

        c.  Eighth Amendment Standards

"The Eighth Amendment, in only three words, imposes the constitutional limitation upon punishments:  they cannot be 'cruel and unusual.'  The Court has interpreted these words in a flexible and dynamic manner, and has extended the Amendment's reach beyond the barbarous physical punishments at issue in the Court's earliest cases."  Rhodes v. Chapman, 452 U.S. 337, 345 (1981) (citations and internal quotation marks omitted).  "Whether a particular event or condition in fact constitutes 'cruel and unusual punishment' is gauged against 'the evolving standards of decency that mark the progress of a maturing society.'"  Schwenk v. Hartford, supra, 204 F.3d at 1196, quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992) (citations and quotation marks omitted).  A viable Eighth Amendment prison claim requires proof of both an "objective component" ("[w]as the deprivation sufficiently serious?"), and a "subjective component" ("[d]id the official[] act with a sufficiently culpable state of mind?").  Wilson v. Seiter, 501 U.S. 294, 298 (1991).

Physical sexual assault by a prison official on an inmate is deeply offensive to human dignity, lacks any legitimate penological objective, and therefore violates the Eighth Amendment.  Schwenk, 204 F.3d at 1196-97; accord Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997) ("sexual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is 'simply not part of the penalty that criminal offenders pay for their offenses against society,'" quoting Farmer v. Brennan, supra, 511 U.S. at 834.  Thus, a claim of physical sexual assault by a prison official against an inmate will almost always survive summary judgment.  See, e.g., Women Prisoners of the Dist. of Columbia Dept. of Corrections, 877 F. Supp. 634, 665 (D.D. Cir. 1994) ("Rape, coerced sodomy, unsolicited touching of women prisoners' vaginas, breasts and buttocks by prison employees are 'simply not part of the penalty

5

1  that criminal offenders pay for their offenses against society'" (quoting Farmer, 511 U.S. at
2  834)), aff'd in part and vacated in part, 93 F.3d 910 (D.C. Cir. 1996); Mathie v. Fries, 935
3  F.Supp. 1284, 1301 (E.D. N.Y. 1996) (denying qualified immunity to director of prison security
4  because "any reasonable prison Director of Security knew that to try to force unwanted and
5  prohibited sexual acts on a powerless inmate is objectively unreasonable and in violation of the
6  inmates rights").

7  However, inmate sexual harassment claims, which allege sexually inappropriate
8  touching and/or sexually inappropriate comments, require a careful assessment of the unique
9  circumstances of each case. Claims premised only on alleged verbal sexual harassment are
10 generally found to be noncognizable. "Although the Ninth Circuit has recognized that sexual
11 harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has
12 specifically differentiated between sexual harassment that involves verbal abuse and that which
13 involves allegations of physical assault, finding [only] the later to be in violation of the
14 constitution." Minifield v. Butikofer, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004), citing
15 Schwenk, supra, 204 F.3d at 1198. "[T]he Eighth Amendment's protections do not necessarily
16 extend to mere verbal sexual harassment." Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir.
17 2004), citing Blueford v. Prunty, 108 F.3d 251, 254-55 (9th Cir. 1997) (prison guard who
18 allegedly engaged in "vulgar same-sex trash talk" with inmates entitled to qualified immunity);
19 and Somers v. Thurman, 109 F.3d 614, 624 (9th Cir. 1997) (female correctional officers who
20 allegedly made improper statements about plaintiff while he showered entitled to qualified
21 immunity).

22 Similarly, claims alleging sexually inappropriate conduct that does not include
23 touching have generally been found to be noncognizable under the Eighth Amendment. In
24 Austin v. Terhune, supra, 367 F.3d 1167, the Ninth Circuit upheld dismissal of an Eighth
25 Amendment claim premised on allegations that defendant correctional officer Williams, "[w]hile
26 still in the control booth, which had a large glass window, . . . allegedly unzipped his pants,

6

exposed his penis to Austin, who is black, and said 'come suck this white dick, boy,' while shaking his exposed penis at Austin." Id. at 1169.  The Ninth Circuit ruled that "the district court properly concluded that this incident was not sufficiently serious to constitute an Eighth Amendment violation," because "Williams was in an elevated, glass-enclosed control booth when he exposed himself to Austin and this isolated incident lasted for a period of no more than 30-40 seconds [and] Williams never physically touched Austin." Id. at 1171-72; accord Somers, 109 F.3d at 624 ("[t]o hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd"); see also Jonas v. Idaho, 2006 WL 3197158, *3 (D. Idaho 2006) (physician's allegedly obscene gesture during inmate's medical appointment found analogous to harassment found insufficient to state an Eighth Amendment claim in Austin, supra, 367 F.3d 1167).

   Inmate sexual harassment claims that allege brief inappropriate touching by a correctional official are generally found to be noncognizable, particularly if the alleged touching occurred pursuant to an authorized search.  "Even if plaintiff believed that there was a sexual aspect to the search, more is needed." Smith v. Los Angeles County, 2010 WL 2569232, *5 (C.D. Cal. 2010); adopted by 2010 WL 2572570 (C.D. Cal.  2010); aff'd, 452 Fed. Appx. 768 (9th Cir. 2011) (pretrial detainee failed to state Fourteenth Amendment due process claim, or Fourth Amendment unreasonable search claim, based on plaintiff's allegations that defendant correctional officer, pursuant to a search and without sexual comment, pulled plaintiff's boxers to look at his buttocks, inserted his hand "karate chop" style, into "the cavity of my buttocks . . . until it passed between my legs and reached under and around until he cupped by genitals," id. at *4); citing Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998) (affirming summary judgment for defendant on plaintiff's Eighth Amendment claim that prison employee's brief touch ("mere seconds") to plaintiff's buttocks during "horseplay," unaccompanied by sexual comments, was an improper sexual advance that "embarrassed" plaintiff ); and Osterloth v.

7

Hopwood, 2006 WL 3337505, *6, *7 (D. Mont. 2006) (dismissing Eighth Amendment claim challenging as sexually abusive an officer's search of plaintiff that allegedly included the officer reaching between plaintiff's legs, grabbing his scrotum and penis, and sliding his hand between plaintiff's buttocks, wherein plaintiff stated to the officer, "that was pretty much sexual assault," and officer responded, "yah pretty much.").

More recently, in Watison v. Carter, 668 F.3d 1108, 1112-14 (9th Cir., Feb. 13, 2012), the Ninth Circuit affirmed the dismissal of an inmate's Eighth Amendment sexual harassment claim against a correctional officer who allegedly entered plaintiff's cell while plaintiff was on the toilet, rubbed his thigh against plaintiff's thigh and "began smiling in a sexual contact (sic)," then left plaintiff's cell laughing. The Ninth Circuit ruled that "[t]he 'humiliation' Watison allegedly suffered from the incident with Officer LaGier does not rise to the level of severe psychological pain required to state an Eighth Amendment claim." Id. at 1113. Moreover, the Ninth Circuit found that "Officer LaGier's alleged wrongdoing was not objectively harmful enough to establish a constitutional violation. . . ." Id. at 1114 (citations and internal quotation marks omitted).

d. Discussion

In light of these authorities, defendant's motion to dismiss plaintiff's allegations as insufficient is well taken. See Iqbal, 556 U.S. at 678-80. The term "sexual harassment" is inherently ambiguous. Plaintiff does not allege any details of defendant's alleged sexual misconduct, such as how plaintiff was inappropriately touched, whether anyone witnessed the touching, in what part of the prison the alleged touching occurred, what time of day the alleged touching occurred, and whether there was more than one touching. Moreover, plaintiff's amended complaint fails to make clear whether the vulgar and sexual remarks were made by defendant, and if so, at what point – at the time of, or after, the alleged touching. Finally, plaintiff failed to allege harm, if any, he sustained by defendant's actions.

////

The court is also concerned that plaintiff now claims defendant O'Connor slapped plaintiff on the buttocks. This allegation suggests defendant O'Connor acted on one occasion, and was not sexual abuse occurring over the course of years as suggested in the amended complaint. However, in an abundance of caution, the court will grant plaintiff one final opportunity to file a second amended complaint that sets forth specific factual allegations as to his claim that defendant O'Connor engaged in sexual abuse of plaintiff. Plaintiff is advised that if his newly-pled factual allegations do not rise to the level of an Eighth Amendment violation as set forth above, he may voluntarily dismiss his case.

In addition, plaintiff is only granted leave to amend to name defendant O'Connor as a defendant, and to provide specific factual allegations as to plaintiff's claim that defendant O'Connor sexually abused plaintiff. Plaintiff's claims against other defendants have been dismissed (dkt. no. 15), and if plaintiff wishes to continue to pursue those claims, he must file them in a new action.

Any second amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, all prior pleadings, including the original complaint, is superseded.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to recuse (dkt. no. 30) is denied;

2. Plaintiff's March 1, 2013 motion (dkt. no. 31) is denied as untimely;

3. Defendant's January 14, 2013 motion to dismiss (dkt. no. 23) is partially granted;

4. Plaintiff's first amended complaint (dkt. no. 12) is dismissed, and plaintiff is granted leave to file a second amended complaint;

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

1         a. The completed Notice of Amendment; and

2         b. An original and one copy of the Second Amended Complaint. Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

DATED: March 28, 2013

                          KENDALL J. NEWMAN
                          UNITED STATES MAGISTRATE JUDGE

palm2927.14c

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAURENCE PALMER,

    Plaintiff,                      No. 2:11-cv-2927 KJN P

    vs.

M. O'CONNOR,                    <u>NOTICE OF AMENDMENT</u>

    Defendants.

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____.

    ____ Second Amended Complaint as to defendant O'Connor only.

Dated:

                                      _____

                                              Plaintiff