IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAURENCE PALMER,

    Plaintiff,                  No. 2:11-cv-2927 KJN P

    vs.

MICHAEL O'CONNOR,

    Defendant.               ORDER

                                  /

       Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On March 29, 2013, plaintiff's amended complaint was dismissed, and plaintiff was granted thirty days in which to file a second amended complaint. On April 29, 2013, plaintiff filed a motion to amend, for continuance, or to stay this action. Defendant opposes plaintiff's motion, and plaintiff filed a reply. As set forth more fully below, the court finds that plaintiff's motion should be denied.

       In his motion, plaintiff seeks reconsideration of the March 29, 2013 order, and requests appointment of counsel. In the alternative, plaintiff asks the court to stay this action until plaintiff is released from prison or psychiatric care. (ECF No. 34 at 5.) Plaintiff states that he is under psychiatric care due to the allegations raised herein, and anticipates being released from prison in eight months.

1

1. Motion for Reconsideration

On March 29, 2013, plaintiff's motion to recuse the United States Attorney was denied, plaintiff's amended complaint was dismissed, and plaintiff was granted leave to file a second amended complaint that sets forth specific factual allegations as to his claim that defendant O'Connor engaged in sexual abuse of plaintiff. Plaintiff seeks reconsideration of that order.

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus, Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." Id. The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985) ("law of the case controls unless the first decision is clearly erroneous and would result in manifest injustice"), cert. denied, 475 U.S. 1064 (1986). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

As to the court's denial of plaintiff's motion to recuse the Assistant United States Attorney, plaintiff adduced no new evidence and cited no legal authority supporting his theory

1  that the United States Attorney cannot represent individuals or that such representation
2  constitutes a conflict of interest.  Thus, the court denies plaintiff's motion to reconsider the denial
3  of plaintiff's motion to recuse.
4        In addition, plaintiff renews his objection to the prior dismissal of the other defendants
5  named in the amended complaint.
6        On April 24, 2012, plaintiff's claims against the remaining defendants were dismissed,
7  plaintiff was provided detailed information as to the standards governing such claims, and he was
8  granted thirty days to file a second amended complaint against the other defendants.  (ECF No.
9  13.)  However, in response to that order, plaintiff submitted the forms to serve process on
10  defendant O'Connor, and did not provide a second amended complaint.  (ECF No. 14.)  Plaintiff
11  did not mark the form indicating that he consented to the dismissal of the remaining defendants
12  (id.), but plaintiff did not object to the May 25, 2012 order dismissing the remaining defendants.
13  Indeed, plaintiff did not seek reconsideration of that order until March 1, 2013.
14        In any event, plaintiff sets forth no new evidence, facts or circumstances demonstrating
15  that plaintiff could state cognizable civil rights claims against these other defendants.  Rather, he
16  simply objects to their dismissal from this action.  Thus, plaintiff's objection is unavailing, and
17  the court declines to reconsider the May 25, 2012 order dismissing the remaining defendants.
18        With regard to the dismissal of plaintiff's amended complaint, plaintiff does not present
19  newly discovered evidence suggesting the amended complaint should not be dismissed.  Indeed,
20  plaintiff states that on one occasion defendant O'Connor slapped plaintiff on the buttocks while
21  plaintiff was locked in the prison kitchen, with no witnesses present.  (ECF No. 37 at 1.)
22  Plaintiff states that the slapping did not happen during a search or pat down.
23        Applicable legal authorities support the dismissal order.  Sexual assault, coercion and
24  harassment may violate contemporary standards of decency and cause physical and psychological
25  harm.  See Jordan v. Gardner, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc).  However, not
26  every malevolent touch by a prison guard or official gives rise to an Eighth Amendment

1  violation. The Eighth Amendment's prohibition against cruel and unusual punishment
2  necessarily excludes from constitutional recognition de minimis uses of force. See Hudson v.
3  McMillian, 503 U.S. 1, 9-10 (1992); Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998)
4  (no Eighth Amendment violation where employees briefly touched inmate's buttocks with
5  apparent intent to embarrass him, and touching was unaccompanied by any sexual comments or
6  banter). Also, mere verbal sexual harassment does not necessarily amount to an Eighth
7  Amendment violation. Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (upholding
8  summary judgment of Eighth Amendment claim where prison guard exposed himself to prisoner
9  in elevated, glass-enclosed control booth for no more than 30-40 seconds).
10         A prisoner therefore must establish that the alleged sexual harassment was egregious,
11  pervasive and/or widespread in order to state a claim under the Eighth Amendment. See, e.g.,
12  Jordan, 986 F.2d at 1525-31 (prison policy requiring male guards to conduct body searches on
13  female prisoners); Watson v. Jones, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer
14  sexually harassed two inmates on almost daily basis for two months by conducting deliberate
15  examination of genitalia and anus). Courts have found that incidents of fondling, touching, or
16  suggestive sexual banter are insufficient to state an Eighth Amendment claim. See, e.g.,
17  Berryhill v. Schriro, 137 F.3d 1073 (8th Cir. 1998) (inmate failed to state an Eighth Amendment
18  claim against prison maintenance employee where "the brief touch to his buttocks lasted mere
19  seconds, [and] it was not accompanied by any sexual comments or banter"); Jones v. Culinary
20  Manager II, 30 F.Supp.2d 491, 497 (E.D. Pa. 1998) (single incident in which guard pinned
21  plaintiff to box and ground his pelvis against plaintiff's buttocks while threatening sex not
22  sufficiently serious to state Eighth Amendment claim); Williams v. J.P. Kane, 1997 WL 527677,
23  *9 (S.D. N.Y. Aug.25, 1997) (claim that male inmate was fondled on single occasion by male
24  guard during pat-frisk does "not involve a harm of federal constitutional proportions") (citations
25  omitted); Kaestner v. Mitchell, 1996 WL 428357, at *1 (N.D.Cal. Jul. 24, 1996) (holding that
26  plaintiff failed to state a claim under Eighth Amendment where guard stood unnecessarily close

to him and grabbed his buttocks).

Plaintiff claims he was sexually harassed and traumatized by defendant O'Connor slapping plaintiff's buttocks.  However, while plaintiff was offended by defendant O'Connor's actions, this court must apply the legal standards set forth above.  In response to plaintiff's motion for reconsideration, this court has conducted a de novo review of this case.  Upon reconsideration, this court finds that the March 29, 2013 order is not manifestly unjust or clearly erroneous.  Thus, the March 29, 2013 order is affirmed.  In an abundance of caution, plaintiff is provided one last opportunity to file a second amended complaint provided he can allege facts rising to the level of an Eighth Amendment violation.  Plaintiff is cautioned that failure to file a second amended complaint will result in the dismissal of this action.

2. Request for Stay

Plaintiff asks the court to stay this action until plaintiff is released from custody or from psychiatric care.

"A district court has discretionary power to stay proceedings in its own court." Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005).  "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.  Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).  "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066-67 (9th Cir. 2007).  If a stay is especially long or its term is indefinite, a greater showing is required to justify it. Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000).

Here, plaintiff fails to demonstrate good cause for such a stay.  Plaintiff's allegations arose in 2009, and plaintiff filed this action in late 2011.  It is now 2013, and no operative second

amended complaint is yet on file. This delay is prejudicial to defendant, complicates issues and proof, and impacts the parties' memories. Moreover, despite plaintiff's need for psychiatric care, his filings are coherent and responsive. The court has provided plaintiff with the legal standards governing his Eighth Amendment claim; therefore, if plaintiff can allege facts rising to the level of an Eighth Amendment violation, plaintiff need only articulate the specific factual allegations supporting his claim against defendant O'Connor. For all of these reasons, plaintiff's motion for stay is denied.

3. Request for Appointment of Counsel

Finally, plaintiff asks the court to appoint counsel. (ECF No. 34 at 4.) District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 34) is denied.

2. Upon reconsideration, the March 29, 2013 order (ECF No. 33) is affirmed.

3. Plaintiff is granted thirty days from the date of this order in which to file a second amended complaint that complies with the March 29, 2013 order.  Failure to file a second amended complaint will result in the dismissal of this action.

4. Plaintiff's request for the appointment of counsel (ECF No. 34) is denied without prejudice.

DATED:   August 5, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

palm2927.rec