UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURENCE PALMER, | No. 2:11-cv-2927 KJN P |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL O'CONNOR, | |
| Defendant. | |

Plaintiff is a former[1] federal prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).[2] The parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Pending before the court is defendant's motion to dismiss on the grounds that plaintiff fails to state a claim upon which relief can be granted, and plaintiff's motion to add the Bureau of Prisons ("BOP") as

---

[1] In his March 28, 2014 filing, plaintiff states that he is "now on home confinement." (ECF No. 52 at 2.)

[2] Actions under 42 U.S.C. § 1983 and those under Bivens, are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (same); see also Correctional Serv. Corp. v. Malesko, 534 U.S. 61, 66 (2001) (implied right of action for damages against federal officers alleged to have violated citizen's constitutional rights). When reviewing a Bivens action for which there is no case on point, § 1983 cases are applied by analogy. See, e.g., Butz v. Economou, 438 U.S. 478, 504 (1978) (no distinctions for purposes of immunity between state officials sued under § 1983 and federal officials sued under Bivens).

1

a defendant.  As set forth below, defendant's motion to dismiss is granted, and plaintiff's motion to add a defendant is denied.

I. Plaintiff's Allegations

In his second amended complaint, plaintiff claims that on one occasion, while plaintiff was locked in the kitchen alone with defendant, "O'Connor proceeded to grab and pat [plaintiff's] buttocks." (ECF No. 43 at 4.)  Plaintiff immediately rebuked O'Connor, telling him "if you ever think to do something like that ever again, I will fuck you up." (ECF No. 43 at 4.)  Despite this rebuke, plaintiff states that subsequently "O'Connor made it known to [plaintiff] that as [plaintiff's] supervisor in the prison workplace, that [plaintiff] was subject to O'Connor's mistreatment at any given time, which O'Connor declared to [plaintiff] would include placing his hands on [plaintiff] and verbal sexual harassment that [plaintiff] needed to learn to accept." (ECF No. 43 at 5.)  Plaintiff alleges that O'Connor "knew that his reckless and intentional actions and conduct would cause [plaintiff] to suffer severe emotional and physical reactions and lasting injury," and "knew and intended to place [plaintiff] in imminent apprehension of O'Connor's offensive contact that O'Connor knew was deeply offensive to [plaintiff's] human dignity." (ECF No. 43 at 5.)  In addition, plaintiff states that "during the times when O'Connor was assigned to work the kitchen facility and O'Connor saw [plaintiff], O'Connor made it a priority to make lewd and inappropriate sexual comments and gestures directed at [plaintiff]." (ECF No. 43 at 5.)

Plaintiff contends that defendant's actions caused plaintiff to suffer "severe depression, anxiety, panic attacks, sleeplessness, nightmares, diarrhea, loss of appetite, severe emotional distress, and distrust of BOP male authority figures who oversee his confinement." (ECF No. 43 at 7.)

II. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89

(2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Reiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Generally, a court must resolve a motion to dismiss under rule 12(b)(6) by looking only at the face of the complaint. Van Buskirk v. CNN, 284 F.3d 977, 980 (9th Cir. 2002). It may, however, rely on documents attached to the complaint or incorporated by reference in the complaint or matters subject to judicial notice without converting the motion to dismiss into a summary judgment motion. United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).

////

////

1          A. <u>Eighth Amendment Standards</u>

2          'After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" <u>Watison v. Carter</u>, 668 F.3d 1108, 1112 (9th Cir. 2012) [3] (quoting <u>Jordan v. Gardner</u>, 986 F.2d 1521, 1525 (9th Cir. 1993) (en banc). The alleged pain may be physical or psychological. <u>Id.</u> (citing <u>e.g.</u>, <u>Jordan</u>, 986 F.2d 1521). Nevertheless, the "'inmate must objectively show that he was deprived of something 'sufficiently serious.'" <u>Id.</u> (citing <u>Foster v. Runnels</u>, 554 F.3d 807, 812 (9th Cir. 2009) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994)).

The exchange of verbal insults does not violate the Eighth Amendment. <u>Id.</u> (citing <u>Somers v. Thurman</u>, 109 F.3d 614, 622 (9th Cir. 1997) (female guards' visual body cavity searches of male inmates, with pointing and jokes, was not sufficiently harmful for Eighth Amendment violation). "Moreover, not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" <u>Id.</u> at 13 (quoting <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992). The Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of force. <u>See</u> <u>Hudson</u>, 503 U.S. at 9-10; <u>Berryhill v. Schriro</u>, 137 F.3d 1073, 1076 (8th Cir. 1998) (no Eighth Amendment violation where employees briefly touched inmate's buttocks with apparent intent to embarrass him, and touching was unaccompanied by any sexual comments or banter). Courts have found that incidents of fondling, touching, or suggestive sexual banter are insufficient to state an Eighth Amendment claim. <u>See</u>, <u>e.g.</u>, <u>Jones v. Culinary Manager II</u>, 30 F.Supp.2d 491, 497 (E.D. Pa. 1998) (single incident in which guard pinned plaintiff to box and ground his pelvis against plaintiff's buttocks while threatening sex not sufficiently serious to state a claim); <u>Williams v. J.P. Kane</u>, 1997 WL 527677,

---

[3] In <u>Watison</u>, the Ninth Circuit affirmed the dismissal of an inmate's Eighth Amendment sexual harassment claim against a correctional officer who allegedly entered plaintiff's cell while plaintiff was on the toilet, rubbed his thigh against plaintiff's thigh and "began smiling in a sexual contact (sic)," then left plaintiff's cell laughing. The Ninth Circuit ruled that "[t]he 'humiliation' Watison allegedly suffered from the incident with Officer LaGier does not rise to the level of severe psychological pain required to state an Eighth Amendment claim." <u>Id.</u> at 1113. Moreover, the Ninth Circuit found that "Officer LaGier's alleged wrongdoing was not objectively harmful enough to establish a constitutional violation. . . ." <u>Id.</u> at 1114 (citations and internal quotation marks omitted).

1  *9 (S.D. N.Y. Aug. 25, 1997) (claim that male inmate was fondled on single occasion by male guard during pat-frisk does "not involve a harm of federal constitutional proportions") (citations omitted); Kaestner v. Mitchell, 1996 WL 428357, at *1 (N.D. Cal. Jul. 24, 1996) (holding that plaintiff failed to state a claim under Eighth Amendment where guard stood unnecessarily close to him and grabbed his buttocks).

B.  Discussion

Here, plaintiff claims he was sexually harassed and traumatized by defendant O'Connor grabbing and patting plaintiff's buttocks on one occasion. However, despite defendant O'Connor's alleged offensive actions, this court must apply the legal standards set forth above. Plaintiff was provided multiple opportunities to amend the complaint to allege facts supporting his claim. However, plaintiff does not specifically allege that defendant uttered sexual comments or banter during the alleged touching. Taking plaintiff's allegations as true, it appears that plaintiff suffered a "grab and pat" of his buttocks on one occasion, and it would be a distortion, absent additional facts, to characterize this brief touching, on one occasion, as a sexual assault. In light of the above legal authorities, plaintiff's allegation that defendant O'Connor grabbed and patted plaintiff's buttocks on one occasion is not objectively harmful enough to establish an Eighth Amendment violation. See Watison, 668 F.3d at 1114.

In addition, plaintiff's general claim that during his kitchen assignments with defendant, O'Connor would "make lewd and inappropriate sexual comments and gestures" at plaintiff, does not rise to the level of a constitutional violation. Mere verbal sexual harassment does not necessarily amount to an Eighth Amendment violation. Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (upheld summary judgment on Eighth Amendment claim where prison guard in elevated, glass-enclosed control booth exposed himself to prisoner, for no more than 30-40 seconds, and said "come suck this white dick, boy."); Blueford v. Prunty, 108 F.3d 251, 254-55 (9th Cir. 1997) (prison guard who engaged in 'vulgar same-sex trash talk' with inmates was entitled to qualified immunity). Similarly, plaintiff's claim that defendant subsequently said he could place his hands on plaintiff fails to rise to the level of an Eighth Amendment violation. Allegations of mere threats are not cognizable. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.

1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

For the reasons discussed above, defendant's motion to dismiss is granted.

III. Motion to Add a Defendant

Plaintiff seeks leave to add the Federal Bureau of Prisons as a defendant, claiming that defendant BOP was aware of defendant's acts against inmates at FCI Herlong, and that after plaintiff "chose to assert his free speech protected right, the BOP retaliated against him" by issuing a false incident report and transferring plaintiff to a prison in New Jersey. (ECF No. 46 at 2.) As noted by defendant, plaintiff's prior retaliation claims against defendants were dismissed on May 25, 2012, and plaintiff was granted leave to proceed solely as to his sexual harassment claim against defendant O'Connor. (ECF No. 15.) Moreover, "[a] prisoner has no constitutionally guaranteed immunity from being wrongly or falsely accused of conduct which may result in the deprivation of a protected liberty interest." Lopez v. Celaya, 2008 WL 205256 at *5 (N.D. Cal. Jan. 23, 2008), citing, *inter alia*, Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). In addition, plaintiff does not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

Finally, plaintiff's efforts to pursue a constitutional claim against the BOP is unavailing. A Bivens action cannot proceed against a federal agency. FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

For all of these reasons, plaintiff's motion to add the BOP as a defendant is denied.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 48) is granted;

2. Plaintiff's motion to add the Federal Bureau of Prisons as a defendant is denied;

////

3. Plaintiff's second amended complaint (ECF No. 43) is dismissed; and

4. The Clerk of the Court is directed to terminate this action.

Dated:  May 9, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/palm2927.mtd